**ROBERTS LOGGING COMPANY, INC., Plaintiff,**

v.

**Steven YURICH, Regional Forester, United States Department of Agriculture; and John McGuire, Forest Service Chief, United States Department of Agriculture, Defendants.**

Civ. A. No. 78–C–524.

United States District Court, E. D. Wisconsin.

Jan. 28, 1980.

Jeff Brinckman, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by William E. Callahan, Jr., Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises out of the termination of a timber sale contract between plaintiff Roberts Logging Company, Inc., and the United States of America acting through the Forest Service of the United States Department of Agriculture (the "Service"). The contract was initially terminated by defendant Regional Forester Steven Yurich whose decision was affirmed by defendant Forest Service Chief John McGuire. This court has jurisdiction over the action pursuant to 28 U.S.C. § 1346. Currently before the court is defendants' motion for summary judgment which will be granted.

In September of 1974, the Service began to prepare for a sale of certain timber located in the Little Soo region of the Nicolet National Forest in Forest County, Wisconsin. The Service marked the trees to be sold with orange paint, conducted an appraisal of the trees that were marked, and sent out advertisements for bids to all prospective bidders. The minimum acceptable bid for the timber was set at $2,455.70. Seven bids were received by the December 30, 1975, deadline.

Plaintiff was declared the high bidder at $12,202.75 and was awarded the rights to the timber. A timber sale contract was subsequently entered into by plaintiff and the Service. Plaintiff commenced logging operations on May 4, 1976.

During the summer of 1976, the Service began investigating reports that certain parties were marking federally owned trees with orange paint and illegally cutting and removing the trees that had been so marked. The Service was able to distinguish its marks from the counterfeit marks due to the fact that the Service uses paint containing a tracer element which can be distinguished through laboratory analysis.

By June of 1977, the Service had determined that trees in the Little Soo sale area had been illegally marked and cut for timber. In all, sixty-two trees bore counterfeit marks, of which all but eleven were cut and removed from the sale area. In addition, three unmarked trees had been cut and removed.

On August 17, 1977, plaintiff was informed that the contract for the sale of the Little Soo timber had been cancelled for irreparable breach due to the Service's determination that plaintiff was responsible for the illegal marking of timber in the Little Soo sale area. The Service's action was taken pursuant to paragraph BT9.3(b) of the timber sale contract which provides in part:

"* * * in the event Purchaser designates or Marks or causes to be designated or Marked any timber on Sale Area, any such action shall constitute an irreparable breach of this contract and Forest Service may immediately terminate the contract by written notice to Purchaser of such breach. * * *"

The Service's reasons for concluding that plaintiff had engaged in the illegal marking are contained in the "Responsive Statement" prepared by Regional Forester Steven Yurich and dated April 5, 1978. The factors cited by Yurich are as follows: (1) the illegally marked trees were located in the sales area where plaintiff was conduct-

ing its logging operations; (2) the trees that were illegally marked were high quality, large diameter trees which were intermingled with properly marked trees in the sales area; (3) plaintiff's bid on the sales area was for almost four times the appraised value of the trees that were marked and offered for sale by the Service; (4) plaintiff could not have operated the sale as originally marked without sustaining a substantial loss; (5) plaintiff had both the opportunity and the motive to illegally mark the trees; and (6) there is no other plausible explanation of the illegal markings.

On July 7, 1978, the Regional Forester's decision was affirmed by Forest Service Chief John McGuire. Plaintiff subsequently instituted this action alleging that the Service's determination was arbitrary, capricious, and unreasonable as well as a denial of due process. Plaintiff's position is apparently summarized in an affidavit submitted by plaintiff's President Gordon G. Roberts, which affidavit states that no one associated with plaintiff engaged in any illegal marking, and, further, that plaintiff does not know who marked the trees that were not included in the contract between plaintiff and the Service.

The method of resolving contractual disputes between the parties is set out in paragraph BT9.2 of the timber sale contract which provides as follows:

"Except as otherwise specifically provided, it is the intent of this contract that Purchaser and Forest Service shall agree upon the interpretation and performance of this contract. Upon failure to reach an agreement on a question of fact, the decision of Forest Service shall prevail within the limitations of law (41 U.S.C. 321, 322) and subject to appeal under the Regulations of the Secretary of Agriculture (36 CFR 211.20 et seq.)."

Thus, the only limitation on the finality of the Service's determination of factual issues are the provisions of 41 U.S.C. §§ 321 and 322. Section 321 provides that any such decision shall be final and conclusive "unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as nec-

essarily to imply bad faith, or is not supported by substantial evidence." Section 322 provides that administrative contract determinations are not conclusive as to matters of law.

Judicial review of administrative findings of fact with respect to contract disputes is quite limited. First, the reviewing court may not go beyond the record considered by the administrative agency in its initial determination. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). Thus, plaintiff is not entitled to a trial de novo in the district court. Second, this Court must affirm the Service's determination if supported by "substantial evidence" which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). Finally, the burden is on the plaintiff to allege and prove facts which show that the administrative decision was fraudulent, arbitrary, or capricious or not supported by substantial evidence. *Marley v. United States*, 423 F.2d 324, 191 Ct.Cl. 205 (1970). It is not enough for the plaintiff to simply repeat the derogatory language of § 321; he must allege the specific facts upon which he relies. *P.L.S. Coat and Suit Corp. v. United States*, 180 F.Supp. 400, 148 Ct.Cl. 296 (1960).

■ The complaint in the instant action alleges no such specific facts. Instead, plaintiff relies on the conclusory allegation that the Service's decision was arbitrary, capricious, unreasonable, and without sufficient basis in fact. Plaintiff gives no reasons for its conclusions and, in fact, has not even submitted a brief in opposition to defendants' motion for summary judgment. The plaintiff has failed to sustain its burden of proof. While this alone might justify granting defendants' motion, in the interests of completeness, the Court will independently evaluate the determination reached by the Service.

First, it should be noted that there is no direct evidence that any person associated with plaintiff marked any trees not subject to the contract. The evidence relied upon by the Service is entirely circumstantial. As such, however, it is very convincing.

As noted above, plaintiff overbid on the timber that was originally offered for sale. Plaintiff would have suffered substantial losses had it operated strictly within the bounds of the sale contract. The illegally marked trees were intermingled with the trees that had been marked by the Service for removal. Plaintiff did in fact cut and remove the illegally marked trees and profit thereby.

From these facts, a reasonable mind might easily conclude that plaintiff was responsible for placing the illegal marks. While there may be other possible explanations, none are nearly as compelling. Accordingly, the Court holds that the Service's factual determination is supported by substantial evidence. Necessarily this implies that the determination was neither arbitrary nor capricious.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be and hereby is granted.